07-5572-ag (L); 07-5643-ag (Con);08-3537-ag (Con)
Lin v. Holder

BIA
Brennan, IJ
A070 892 381
A070 868 369

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of January, two thousand ten.

PRESENT:
>           DENNIS JACOBS,
>                *Chief Judge,*
>           ROGER J. MINER,
>           PIERRE N. LEVAL,
>                *Circuit Judges.*

_____

WAN PING LIN, YAN QING ZHU,
>      *Petitioners,*

>      v.                                   07-5572-ag (L);
                                            07-5643-ag (Con);
                                            08-3537-ag (Con)

ERIC H. HOLDER, JR., UNITED STATES        NAC
ATTORNEY GENERAL,[1]
>      *Respondent.*

_____

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey.

**FOR PETITIONERS:**        **Theodore N. Cox, New York, New York.**

**FOR RESPONDENT:**        **Gregory G. Katsas, Assistant Attorney General; Anthony P. Nicastro, Senior Litigation Counsel; Office of Immigration Litigation, United States Department of Justice, Washington, D.C.[2]**

UPON DUE CONSIDERATION of these consolidated petitions for review of two Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petitions for review are DENIED.

Petitioners Wan Ping Lin and his wife, Yan Qing Zhu, natives and citizens of the People's Republic of China, seek review of: (1) the November 28, 2007 order of the BIA affirming the February 24, 2004 decision of Immigration Judge ("IJ") Noel Anne Brennan denying petitioners' application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), *In re Wan Ping Lin, Yan Qing Zhu*, Nos. A070 892 381/A070 868 369 (B.I.A. Nov. 28, 2007), *aff'g* Nos. A070 892 381/A070 868 369 (Immig. Ct. N.Y. City Feb. 24, 2004); and (2) the July 2, 2008 order of the BIA denying Lin's motion to reopen, *In re Wan Ping Lin*, No. A070 892 381 (B.I.A. Jul. 2, 2008). We

---

[2] Dana M. Camilleri, a Law Clerk at the U.S. Department of Justice, assisted counsel on the brief.

assume the parties' familiarity with the underlying facts and procedural history in this case.

**I.   Dkt. Nos. 07-5572-ag (L), 07-5643-ag (Con)**

Petitioners argue that the BIA erred in concluding that they failed to demonstrate a well-founded fear of persecution based on the birth of their U.S. citizen children in violation of China's family planning policy. This argument fails because we have previously reviewed the BIA's consideration of evidence similar to that submitted by Petitioners and found no error in its conclusion that such evidence is insufficient to establish an objectively reasonable fear of persecution. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 156-65 (2d Cir. 2008). Therefore, the agency properly denied Petitioners' application for asylum. *See* 8 U.S.C. § 1101(a)(42). Because Petitioners were unable to show the objective likelihood of persecution needed to make out an asylum claim, they were necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal and CAT relief where those claims rested on the same factual predicate. *See* 8 C.F.R. § 1208.16(b)(1)(i)(A); *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Kyaw Zwar Tun v. INS,* 445 F.3d 554, 567 (2d Cir. 2006).

**II.  Motion to Reopen: Dkt. No. 08-3537-ag (Con)**

We review the BIA's denial of a motion to reopen for abuse of discretion.  *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam).  Lin's motion to reopen was untimely.  *See* 8 C.F.R. § 1003.2(c)(2).  However, there is no time or number limitation for filing a motion to reopen that is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing."  8 C.F.R. § 1003.2(c)(3)(ii).

The BIA did not abuse its discretion in denying Lin's motion to reopen because it reasonably found that he failed to proffer material evidence that would establish his *prima facie* eligibility for relief.  *See* 8 C.F.R. § 1003.2(c)(1); *see also INS v. Abudu*, 485 U.S. 94, 104-05 (1988).  The translation errors, which Lin argues constitute the functional equivalent of changed country conditions, would not materially alter the meaning of the country conditions evidence that both this Court and the BIA have previously considered.

4

For the foregoing reasons, these petitions for review are DENIED.  As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____